To: MR. Abel Acosta-Clerk
Texas Court of Criminal Appeals
P.O. Box 12308
Austin, TX. 78711

Mailed 12-29-14

Sir,
Please find enclosed my one Page Certificate of Service and Page 7 of the Opinion from the 13th Court of appeals, I failed to send the Court with my P.D.R on 12-5-14, (PD-1323-14)

Respectfully,

Joe Angel Acosta III
#1844468-Clements Unit
9601 Spur 591
Amarillo, TX. 79107

Petitioner Pro Se,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

<u>Certificate of Service</u>

I, JOE ANGEL ACOSTA III, Presently incarcerated in the Clements Unit of the Texas Department of Criminal Justice - Institutional Division, Potter County, Texas, attests under the penalty of perjury a true and correct copy of Petition for Discretionary Review (PD-1323-14), 6 pages has been sent to: ① MR. Adolfo Aguilo JR - Assistant District Attorney - Nueces County Courthouse - 901 Leopard - Room 206 - Corpus Christi, TX. 78401, and ② State Prosecuting Attorney - P.O. Box 12405 - Austin, TX. 78711 - Today, December 29th, 2014 - Via TDCJ Indigent Mail.

Joe Angel Acosta III
#1844468 - Clements Unit
9601 Spur 591
Amarillo, TX. 79107
Petitioner Pro se

and weight determinations on evidence because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899. Here, it appears that the jury believed the testimonial evidence① Dee and Moreno② provided about the knife and disbelieved Acosta. Both Dee and Moreno recalled seeing Acosta's hand slip in through the lowered driver's side window. Moreno testified that, in the years she knew Acosta, he always carried a black and silver pocket knife with him. It is undisputed that Dee was cut by something sharp because his doctors informed him that if his injury had been a "quarter of an inch higher, the eyeball would have rolled out of [his] socket." And Detective Albert Almendarez③, a detective with the Corpus Christi Police Department who responded to Dee's 911 call, testified at trial that based on the amount of blood he saw that night and the stitches required on Dee's face, that it "appear[ed] that a knife was used in this case." In light of the foregoing, we hold that a rational fact finder could have found beyond a reasonable doubt that Acosta injured Dee with a knife. *See Winfrey*, 393 S.W.3d at 768.

## 2. Evidence Regarding Acosta's Enhancement

During the punishment phase, the State adduced evidence of two prior felony convictions to enhance Acosta's aggravated assault offense from a second-degree felony to a habitual felony offender offense: Acosta's conviction for burglary of a building in September 1991 and his conviction for retaliation in November 2006. *See* TEX. PENAL CODE ANN. §§ 30.02, 36.06 (West, Westlaw through 2013 3d C.S.). These enhancements raised his punishment range from two to twenty years' incarceration, *see id.* § 12.33, to twenty-five to ninety-nine years' incarceration or a life sentence. *See id.* § 12.42(d).

7